ALBRECHT J. LERCHE, APPELLANT, *v.* WILLIAM M. BRASHER, AS ADMINISTRATOR, ETC., OF PIERRE M. VAN WYCK, DECEASED, RESPONDENT.

*Evidence - — when an agent cannot testify as to services rendered to a deceased principal or the non-payment therefor— Code of Civil Procedure, sec. 829 — counter-claim— [when it grows out of the plaintiff's cause of action— Code of Civil Procedure, sec. 501.*

This action was brought to recover for services rendered by the plaintiff, as attorney and agent, to the defendant's intestate. Upon the trial a certified copy of a power of attorney, from the deceased to the plaintiff, was received in evidence, together with other proof tending to show that the plaintiff had been employed by the deceased. The plaintiff was then allowed, against the defendant's objection and exception, to testify as to services rendered by him under the employment, and as to their value.

*Held,* error; that such testimony was excluded by section 829 of the Code of Civil Procedure.

That it was also error to allow the plaintiff to testify that his claim had not been paid.

The defendant set up as a counter-claim that the plaintiff became possessed of certain personal property of the intestate after his death, and transferred the same, with intent to defraud the estate, thereby causing great damage to it.

*Held,* that if the plaintiff, after his principal's death, transferred (dating back the instrument of transfer to a time when the deceased was living) the property obtained under the employment, the counter-claim grew out of the same transaction as that set forth in the complaint as the foundation of the plaintiff's claim, and was therefore properly pleaded herein.

APPEAL by the plaintiff from an order setting aside a verdict of $750 in his favor, and granting a new trial on the defendant's motion, made at the close of the trial upon the exceptions.

The action was brought by the plaintiff to recover $2,675 for services rendered Pierre M. Van Wyck in his lifetime. The employment, services and value were put in issue. The answer also set up a counter-claim on the ground substantially, as alleged, that after the death of Van Wyck the plaintiff became wrongfully possessed of two certain mortgages, which he thereafter wrongfully and fraudulently transferred, and that in order to recover their possession the defendant was obliged to pay the sum of $2,000 as attorney and counsel fees in an action brought by Judah B. Voorhies, as collector of the estate, against the person to whom such transfer was made. This was denied by the reply.

*G. A. Clement,* for the appellant.

*Morris & Pearsall,* for the respondent.

BARNARD, P. J. :

The new trial was properly granted. The claim was for services rendered Pierre M. Van Wyck, deceased, by the plaintiff as his attorney and agent. The denial is complete upon the part of the administrator. Upon the trial the plaintiff presented himself as a witness in his own behalf. There was given in evidence a certified copy power of attorney from the deceased to the plaintiff taken from the records of the city and county of New York. There was other proof given tending to show an employment of the plaintiff made by the deceased in his lifetime. The plaintiff, under objection, was permitted to testify to the services done under this employ-

ment and to the value of such services. The court charged the jury in respect to section 829 of the Code, which forbids the reception of evidence of a party to a transaction when the opposite party to it is dead, as follows : " Now, the statute to which I have referred does not, in my opinion, prohibit a man, after his employment has been shown by other evidence, from testifying of the services which he has performed."

We think that section 829 of the Code does not permit this evidence. Assuming a general employment as of attorney and client, it is not permitted that an attorney shall build up the claim by his own evidence of what was done by him under the employment. Every item of an account so made up is a transaction with the deceased, because it needs an employment and services to make the claim. The section in question gives no real protection to estates of deceased persons if so read. The party benefited makes the claim and establishes its value by his own oath. (*Fisher* v. *Verplanck*, 17 Hun, 150.) It was also erroneous to permit the question to be answered by plaintiff that the claim had not been paid. (*Howell* v. *Van Siclen*, 6 Hun, 115 ; affirmed, Court of Appeals, 70 N. Y., 595.)

The question of the counter-claim is not free from doubt. The answer charges that the plaintiff became possessed of certain personal property of the deceased after his death, and, to defraud the estate, transferred the same, thereby causing great damage to the estate. If this had been done in the lifetime of deceased it would be the right of the administrator to seek redress by way of counter-claim. The injury was done after death, but it must be either wholly remediless or the executor or administrator must sue for redress. If the cause of action belong to the administrator or executor, in his representative capacity, he must sue in that capacity. (Code, § 1814.) If he can sue as administrator he can set up a counter-claim in an action brought against him in his representative capacity, unless he is prevented by the principle that a tort cannot be set off against a contract. Even that can be done when the cause of action for tort grew out of some transaction or is connected with the subject of the plaintiff's action. (Code, § 501.) This depends whether the cause of action on the plaintiff's part ended with the life of the deceased within the meaning of this section. It seems

to me it does not. Assuming that the plaintiff, under an employment by deceased, obtained possession of the property, and by virtue of a power of attorney from deceased dated an assignment back to a time when the deceased was living, then this was a transaction growing out of the employment, although done after the death of the client.

The order granting a new trial should be affirmed, with costs.

DYKMAN, J., concurred.

Order granting new trial affirmed, with costs.